# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **TRAMETRIA AUSTIN,** | **Case No.:** |
| **PLAINTIFF,** | |
| vs. | **COMPLAINT** |
| **CONN CREDIT CORPORATION, INC.,** a foreign corporation, | **JURY TRIAL DEMAND** |
| **BMW FINANCIAL SERVICES LLC, NA,** a foreign limited liability company, | |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, TRAMETRIA AUSTIN, BY AND THROUGH COUNSEL, CHAD HAMMOND, and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Texas, Houston Division, as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in Houston, Harris County, Texas.

5. The Defendants to this lawsuit are:

    a. Conn Credit Corporation, Inc. ("Conn Credit"), a Texas corporation that conducts business in the State of Texas, and may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

    b. BMW Financial Services NA, LLC ("BMW"), a foreign limited liability company that conducts business in the State of Texas, and may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## GENERAL ALLEGATIONS

6. Conn Credit and BMW (collectively "Furnishers") are inaccurately reporting their tradeline ("Errant Tradeline") on Plaintiff's Trans Union credit disclosure with erroneous monthly payment amounts.

7. BMW is inaccurately reporting its tradeline with an erroneous monthly payment of $889.00.

8. Conn Credit is inaccurately reporting its tradeline with an erroneous monthly payment of $116.00.

9. The accounts reflected by the Errant Tradelines were paid and closed. Plaintiff no longer has an obligation to make monthly payments to the Furnishers.

10. The Errant Tradelines should be reported with the monthly payment amount of $0.00.

11. On February 12, 2019, Plaintiff obtained her Trans Union credit disclosure and noticed the Errant Tradelines inaccurately reporting with erroneous monthly payment amounts.

12. On or about April 17, 2019, Plaintiff submitted a letter to Trans Union, disputing the Errant Tradelines.

13. In her dispute letter, Plaintiff explained that the accounts reflected by the Errant Tradelines were paid and closed. Plaintiff no longer has an obligation to make monthly payments to the Furnishers. She asked Trans Union to report the Errant Tradelines with the monthly payment amount of $0.00.

14. Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

15. The Furnishers received Plaintiff's consumer dispute from Trans Union.

16. The Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. In response to Plaintiff's dispute, the Furnishers verified to Trans Union that its reporting of its Errant Tradelines were accurate.

18. Plaintiff had not received Trans Union's investigation results. Therefore, on June 5, 2019, Plaintiff obtained her Trans Union credit disclosure, which showed that Trans Union and the Furnishers failed or refused to report the Errant Tradelines with the monthly payment amount of $0.00.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONN CREDIT**

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Trans Union of Plaintiff's consumer dispute of the monthly payment amount, Conn Credit negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. Conn Credit negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to report the Errant Tradeline with the monthly payment amount of $0.00.

23. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradeline.

24. As a direct and proximate cause of Conn Credit negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Conn Credit is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against Conn Credit arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Conn Credit for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONN CREDIT

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Conn Credit willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the Errant Tradeline with the monthly payment amount of $0.00.

29. Conn Credit willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of Conn Credit willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Conn Credit is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive

damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Conn Credit for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by Trans Union of Plaintiff's consumer dispute of the monthly payment amount, BMW negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

34. BMW negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to report the Errant Tradeline with the monthly payment amount of $0.00.

35. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradeline.

36. As a direct and proximate cause of BMW negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

37. BMW is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

38. Plaintiff has a private right of action to assert claims against BMW arising under 15 USC 1681s-2(b).

  **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant BMW for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMW**

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, BMW willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the Errant Tradeline with the monthly payment amount of $0.00.

41. BMW willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

42. As a direct and proximate cause of BMW willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

43. BMW is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant BMW for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 5, 2019

By: */s/ Chad Hammond*
Chad Hammond
Attorney at Law
Texas State Bar No. 00793128
800 Town and Country Blvd.
Suite 300
Houston, Texas 77024
Telephone: 832-431-3042
Facsimile: 832-431-3001
email: intake.hmmd@gmail.com
*Attorneys for Plaintiff,*
*Trametria Austin*